[Cite as *Girard v. Adovasio*, 2026-Ohio-974.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| CITY OF GIRARD, | **CASE NO. 2025-T-0038** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Girard Municipal Court |
| LOUIS ADOVASIO, | |
| Defendant-Appellant. | Trial Court No. 2024 CRB 00994 |

## OPINION AND JUDGMENT ENTRY

Decided: March 23, 2026
Judgment: Affirmed in part, reversed and vacated in part

*Maurus G. Malvasi*, Girard City Law Director, 100 West Main Street, Girard, OH 44420 (For Plaintiff-Appellee).

*Bruce M. Broyles*, Law Office of Bruce M. Broyles, 752 Luke Chute Road, Waterford, OH 45786 (For Defendant-Appellant).

MATT LYNCH, P.J.

{¶1} Appellant, Louis Adovasio, appeals the judgment of the Girard Municipal Court, finding him guilty of failing to file a registration statement on vacant property; permitting grass, brush, and weeds to exceed four inches; and having a broken and/or dilapidated fence and wall. The court ordered him to pay a total fine of $200. For the following reasons, we reverse Adovasio's conviction for failing to file a registration statement on a vacant building and affirm his property maintenance violations.

{¶2} In August 2024, a complaint was filed by the City of Girard Zoning Department (the "City"), charging Adovasio with six property violations for his property located at 2 South Davis Street in Girard, Ohio ("the property"); to wit: Count (1): failure

to file a registration statement on vacant property, a first-degree misdemeanor, in violation of Girard Cod.Ord. 1332.05(a); Count (2): permitting grass, brush, and weeds on said premises to exceed four inches in height, a fourth-degree misdemeanor, in violation of Girard Cod.Ord. 1324.12(e); Count (3): failing to maintain in good repair all structures and all exterior parts, a fourth-degree misdemeanor, in violation of Girard Cod.Ord. 1324.10(b)(1)[1]; Count (4): permitting the exterior to fall in a state of disrepair, a fourth-degree misdemeanor, in violation of Girard Cod.Ord. 1324.10(a); Count (5): permitting broken or dilapidated fences, walls, or other structures in commercial yard area to decay or deteriorate, a fourth-degree misdemeanor, in violation of Girard Cod.Ord. 1324.12(a); and Count (6): failure to keep sidewalks, curbs or gutters in repair, a minor misdemeanor, in violation of Girard Cod.Ord. 521.06.

{¶3}    On March 20, 2025, a bench trial was held at which the City presented Zoning Inspector Dan A. Rau as a witness and introduced into evidence 14 photographs that Insp. Rau took of the property.  The defense presented Adovasio as a witness and introduced into evidence a letter from the Girard Fire Department, informing Adovasio the building on his property was potentially unsafe and hazardous.  The letter referenced sections of the Ohio Fire Code and included copies of those referenced sections.

{¶4}    Insp. Rau testified that he inspected the property on July 16, 2024, after receiving numerous complaints about boarded-up windows and a dangerous hole.  Insp. Rau stated that after the complaint was filed, Adovasio repaired some of the windows, removed the temporary fencing, and registered the property as a vacant building.  The building was not registered as a vacant building at the time of Insp. Rau's inspection.

---

1. In the complaint and the trial court judgment of conviction and sentence, the incorrect code section is listed for Count 3 and Count 4.  Instead of Girard Cod.Ord. 1234.10(B)(1) and 1234.10(A), they should have stated Girard Cod.Ord. 1324.10(b)(1) and 1324.10(a), respectively.

Case No. 2025-T-0038

{¶5}    Insp. Rau explained he charged Adovasio with Counts 3 and 4, failing to maintain the exterior property, because he observed graffiti on the building, and the windows and glass door were boarded with wood.  He noticed one of the windows was the wrong size, and wood was placed around it.   There was also a large hole, approximately "football size," in the plywood of a boarded-up window on the second floor through which animals could enter.  In addition, Adovasio had built a wall on the south side of the building, and beside it was a large hole filled with gravel.  Insp. Rau opined that the hole should have been fenced in.

{¶6}    Insp. Rau further testified he charged Adovasio with Count 5 for broken or dilapidated fences, because there were construction fences on the corners of the building that were falling.  After the complaint was filed, Adovasio removed the fences but left the plastic fencing and poles.  Rau explained he charged Adovasio with Count 6 for cracks in the sidewalk.

{¶7}    Insp. Rau testified he took the pictures of the property on July 16, 2024 (although we note there is no foliage on the weeds, brush, or trees), and he gave Adovasio the pictures when he filed the citations.  On cross-examination, Insp. Rau admitted he did not know if the photographs were provided to Adovasio or not.  The photographs were admitted without objection.

{¶8}    Adovasio testified he failed to file the registration statement on vacant property because he did not know he was supposed to file one.  After the complaint was filed, he went to the zoning office to file the registration statement and pay the fee, which included a late fine, and he was told a notice had been sent.  He testified, "They said the letter was sent out.  I do not have anything.  I did not know about it until I was told about it and I went down and registered it."  Adovasio further explained he does not believe his

Case No. 2025-T-0038

property meets the definition of a vacant building because he goes there regularly, at least once a week before trash pickup, and cleans around the building. He referenced the letter he received from the fire department, which included the Ohio Fire Code's definition of "abandoned." He further testified the building is unoccupied, there are no businesses operating from it, and no illegal activities occur there.

{¶9} Adovasio also testified he does not believe he can be guilty of failing to maintain the grass (Count (2)) because there is no grass on the property. He explained there was uncut grass between the buildings that belonged to the adjacent property, which he also owns. Adovasio further testified he had a snow fence on the back of the property where he had a grape arbor growing to prevent people from crossing onto the property, but he had to start removing it in the fall when he found poison ivy growing. In the following colloquy, Adovasio was asked on cross-examination about two photographs that depicted the back and corner of the building that shows an overgrowth of bushes and weeds, and the back yard that shows brush mingled with a portion of a broken orange temporary fence.

> [The City:] Looking at A 10 and 11, that is a closeup of the brush and overgrown grass and weeds?
>
> [Adovasio:] Those are trees.
>
> [The City:] Weeds that became trees, just kidding.
>
> [Adovasio:] I am sure of that brush. When I started cleaning out here, because I discovered the poison ivy I started cleaning out here. As I told Mr. Rau, this was secure but when I started cleaning all this out, no sooner than I cleaned it out I had somebody trying to break in there.

{¶10} Adovasio further testified he put plywood over the glass door, which is still functionable as a door, to prevent intruders from breaking the glass to access the building. He also explained he has removed and/or painted over graffiti numerous times. Adovasio

Case No. 2025-T-0038

expressed his uncertainty over Count 4.  He explained Insp. Rau told him to remove the boards that were over the windows in the front of the store, but that he did not remove them because someone had tried to break into the building by breaking the glass.  He felt he needed to "secure the premises per the Ohio Revised Code," which he is familiar with as a former councilman of 20 years and as a member of the Trumbull County Combined Health District.  He further stated Insp. Rau told him to remove a wooden barrier and the plastic fence.  He placed it there to protect a hole that had not yet been backfilled with gravel.  The wooden barrier stopped a vehicle from crashing into a building and was not rotting and falling apart as Insp. Rau claimed.

{¶11}  On May 14, 2025, the trial court issued a judgment entry, finding Adovasio guilty on Count (1), based on Adovasio admitting that he did not timely file the registration statement; Count (2), based on Insp. Rau's testimony and the City's photographs that the grass exceeded four inches; and Count (5), "permitting broken or dilapidated fences, walls or other structures," because the photographs depicted the temporary construction fence was torn down and strewn about the property; the cement block wall was overgrown with weeds, trees, and branches; the wall was covered by torn tarp or plastic and some type of metal sheeting; and there was a large ditch next to the wall that was not properly filled in.

{¶12}  The court found Adovasio not guilty on Count (3) and Count (4,) "violations of the commercial property maintenance code for failing to maintain in good repair the exterior sections of the building," because the City failed to carry its burden of proof.  The court found Insp. Rau's testimony unclear as to the nature of the violations and the code sections charged.  The court also found Adovasio not guilty on Count (6), "keeping sidewalks in good repair," because the City did not submit any evidence on that count.

Case No. 2025-T-0038

{¶13} The court fined Adovasio $100 on Count (1) and $50 each on Count (2) and Count (5), for a total fine of $200.

{¶14} Adovasio timely appealed and raises four assignments of error for our review:

{¶15} "[1.] There was insufficient evidence to establish a violation of City of Girard Vacant Property Code 1332.05(a).

{¶16} "[2.] The City of Girard Vacant Property Code Chapter 1332 is void for vagueness as it fails to sufficiently explain when an individual must register a building as vacant.

{¶17} "[3.] There was insufficient evidence to establish a violation of Girard Commercial Property Maintenance Code 1324.12(e) – permitting grass brush weeds to exceed 4 inches.

{¶18} "[4.] There was insufficient evidence to establish a violation of Girard Commercial Property Maintenance Code 1324.12(a) permitting dilapidated fences, walls, other structures to decay or deteriorate."

### Registry Violation

{¶19} In his first assignment of error, Adovasio challenges the sufficiency of the evidence to support his conviction for failing to file a registration statement on a vacant building, in violation of Girard Cod.Ord. 1332.05(a).

{¶20} Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.

Case No. 2025-T-0038

The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶21} It is necessary in understanding the violation to provide a brief review of the "vacant property registry," established in Girard Cod.Ord. Chapter 1332 et. seq. Pursuant to Girard Cod.Ord. 1332.01(a), "The purpose of this Chapter is to establish a vacant property registration program and to regulate the maintenance of properties which are in the foreclosure process, abandoned, or vacant." Further, it provides "a means of [1.] identifying the owner and/or responsible entities of vacant and/or abandoned properties within the corporate limits of the City of Girard, [2.] having complete contact information on record for these properties and responsible parties, [and 3.] a registration and maintenance requirement for vacant and/or abandoned properties." Girard Cod.Ord. 1332.01(b). This Chapter applies to "all residential, commercial, and industrial structures located within the City of Girard." Girard Cod.Ord. 1332.02.

{¶22} Girard Cod.Ord. 1332.03 provides definitions, including "vacant," which

means a structure that is not lawfully occupied or that otherwise qualifies as "Abandoned" under this Chapter. . . . Commercial structures shall be considered vacant when all commercial activity has ceased at the site or that otherwise qualifies as "Abandoned" under this Chapter. Multi-tenant commercial structures shall be considered vacant when substantially all of the units are not lawfully occupied or engaging in commercial activity, or that otherwise qualifies as "Abandoned" under this Chapter. . . .

(1) In determining whether a structure is vacant, it is also relevant to consider, among other factors, the percentage of the overall square footage of the building or floor not in use to the occupied space; the condition and value of any items in the structure and the presence of rental or for sale signs on the property.

Case No. 2025-T-0038

(2) A property that is temporarily unoccupied and is in the process of being renovated under proper and unexpired permits shall not be considered vacant.

(3) A property that is listed for sale with a licensed realtor under a fully executed listing agreement shall not be considered vacant for the first six months of the listing agreement under which the property was first listed for sale. Such property shall be considered vacant for purposes of this Section upon the expiration of the first six month period for which it is first listed for sale or upon a subsequent re-listing with the same or a different licensed realtor. Unoccupied property listed as "For Sale by Owner" shall be considered vacant for purpose of this Chapter.

{¶23} Pursuant to Girard Cod.Ord. 1332.04(a), "owner required to act; enforcement authority," "[t]he owner of any structure that has become vacant as defined in Section 1332.03(e) shall, within thirty (30) days after the structure first becomes vacant, within thirty (30) days of receiving notice that a structure is vacant, or within thirty (30) days after the effective date of this Chapter, whichever is later, file a registration statement for each such structure with the Code Official or his or her own designee on forms provided for such purposes." Thus, an owner is required to file a registration statement on a vacant building (1) within 30 days of the owner knowing the building is vacant or (2) within 30 days of receiving a notice that the building is considered vacant.[2]

{¶24} Adovasio was charged with failing to file a registration statement pursuant to Girard Cod.Ord. 1332.05(a), which states: "The owner of any vacant structure shall file a registration statement for each such structure with the Code Official or his or her designee on forms provided for such purposes. Any such registration statement shall be deemed prima facie proof of the statements therein contained in any administrative enforcement proceeding or court proceeding instituted by the City against the owner or owners of the structure."

---

2. The third instance, within 30 days of the effective date of the ordinance, is no longer applicable.

Case No. 2025-T-0038

{¶25} We agree with Adovasio that the evidence the City introduced is insufficient to convict him of failing to file a registration statement on a vacant building, because the City never introduced evidence that (1) Adovasio knew his building was vacant or (2) received notice to register the building as vacant. Insp. Rau testified the building was unregistered on the date of his inspection, and Adovasio filed the registration statement and paid the fee and late fine after receiving the complaint. Adovasio testified he never received a notice to file a registration statement, he did not know his building was considered "vacant," and he filed the registration statement when he received notice he was required to do so via the complaint.

{¶26} Because the City failed to introduce evidence that Adovasio had notice or knowledge he was required to file a registration statement on a vacant building and did not do so, the evidence is insufficient to sustain his conviction.

{¶27} Adovasio's first assignment of error has merit.

{¶28} In his second assignment of error, Adovasio contends the City of Girard Property Code, Girard Cod.Ord. Chapter 1332, et. seq., is void for vagueness as it applies to him because he could not determine whether he should register his building as vacant by reading the ordinances. This assignment of error is rendered moot by our disposition of his first assignment of error.

**Property Maintenance Violations**

{¶29} In his third and fourth assignments of errors, Adovasio challenges the sufficiency of the evidence to support his convictions for permitting grass, brush, and weeds to exceed four inches, in violation of Girard Cod.Ord. 1324.12(e), and permitting dilapidated fences, walls, and other structures to decay or deteriorate, in violation of Girard Cod.Ord. 1324.12(a).

Case No. 2025-T-0038

{¶30} Girard Cod.Ord. 1324.12 applies to the "exterior property areas [of commercial property]" and provides, "[n]o owner, operator or resident agent of any premises shall maintain or permit to be maintained at or on the exterior property areas of such premises any condition which deteriorates or debases the appearance of the neighborhood, reduces property values in the neighborhood, adversely alters the appearance and general character of the neighborhood, creates a fire, safety or health hazard or which is a public nuisance. Such conditions include but are not limited to the following:

(a) Broken or dilapidated fences, walls or other structures;

. . .

(e) 'Lots with structures' shall maintain grass, brush, briers, burrs, Russian and Canadian thistles at a height not to exceed four inches.

{¶31} As our review of the evidence and testimony at trial reveals, there was more than sufficient evidence on all the essential elements to find Adovasio guilty beyond a reasonable doubt of violating Girard Cod.Ord. 1324.12(a) and (e). The City introduced testimony by Insp. Rau who stated he observed grass and weeds that exceeded four inches and a temporary construction fence that had fallen down. The pictures the City introduced as evidence reveal the overgrowth of brush, weeds, and trees around the side and back of the building and in the back yard, as well as a dilapidated temporary fence and deteriorated walls/other structure with a broken tarp and brush strewn about it and metal sheeting. The photographs contradict Adovasio's claims that the only overgrowth of grass and weeds is in the adjacent property, and that the temporary fencing was the only "fence, wall or other structure" at issue.

Case No. 2025-T-0038

{¶32} Finding the City carried its burden of production and introduced sufficient evidence on all the elements of Adovasio's property maintenance violations, Adovasio's third and fourth assignments of error are without merit.

{¶33} The judgment of the Girard Municipal Court is reversed and vacated as to Adovasio's conviction for failing to register a statement on a vacant building and affirmed as to his convictions for property maintenance violations.


EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-T-0038

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Girard Municipal Court is affirmed in part, and reversed and vacated in part.

Costs to be taxed against the parties equally.

_____
PRESIDING JUDGE MATT LYNCH

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

| **THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY** |
|---|
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case No. 2025-T-0038